# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In re:
**HECTOR W. CARDWOOD CRUZ;**
**GRISEL M. BURGOS BARRETO,**

Debtor(s).

Case No.: **05-12157 (SEK)**

Chapter 13

## TRUSTEE'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEBTORS' REQUEST FOR HARDSHIP DISCHARGE UNDER §1328(b)

**TO THE HONORABLE COURT:**

**NOW COMES,** José R. Carrión, Chapter 13 Trustee (hereinafter, the "Trustee"), and very respectfully states and prays:

### I. INTRODUCTION

1. From the filing of this case on December 9, 2005 until the present day, Debtors missed 21 monthly installments on their confirmed Chapter 13 Plan. See **Exhibit 1**. Some of the missed payments were later cured, but most were not. Id. For such reason, on July 24, 2007 and August 7, 2008, the Trustee filed two different motions to dismiss for failure to make plan payments. See Docket Nos. 35 and 46. After Debtors' partial cure of plan arrears, the first motion to dismiss was withdrawn by the Trustee (Docket No. 43) and the second motion to dismiss was denied by this Honorable Court. See Docket No. 52.

2. After continued plan defaults, on August 24, 2009, the Trustee filed a third motion to dismiss for failure to make plan payments. See Docket No. 55.

3. In response to the Trustee's third Motion to Dismiss, on September 23, 2009, Debtors filed a request for a hardship discharge pursuant to 11 U.S.C. § 1328(b) (Dkt. 57),

claiming that all three requirements of such section are met in this case, purportedly entitling Debtors to the requested hardship discharge, that is, a discharge without completion of the confirmed plan payments. The only factual consideration Debtors proffered to justify their request is Codebtor Mr. Cardwood's partial loss of income, from $60,000 yearly or $5,000 monthly at the moment of the petition's filing, to $34,673.00 yearly[1], i.e., $2,889 monthly, as evidenced by the 2008 PR Treasury vouchers attached to Debtors' request for hardship discharge (Dkt. 57, Exhibit 3). Debtors have neither alleged nor evidenced that Codebtor Mrs. Burgos' $2,000 monthly salary has changed in any way. Thus, Debtors' request for a hardship discharge is predicated solely upon a monthly income reduction from $7,000.00 to $4,889. See Docket No. 57. Debtors opposed the Trustee's third motion to dismiss based on their hardship discharge request. See Docket No. 58.

4. On November 12, 2009 (Dkt. 62), the Trustee opposed debtors' request for hardship discharge because, even admitting Debtors' alleged reason and proffered evidence, their request fails to comply with all the requirements of 11 U.S.C. § 1328(b), for such extraordinary relief to be granted by this Honorable Court. Based on Debtors' own proffered evidence, the Trustee respectfully submits that a plan modification is practicable under 11 U.S.C. § 1329, and that, for such reason, Debtors are not entitled to a hardship discharge.

5. On December 23, 2009, the Trustee requested and this Honorable Court granted leave to file the instant memorandum to supplement the Trustee's objection to Debtors' request for a hardship discharge. In compliance with this Honorable Court's Order, the Trustee

---

[1] Debtors attached three (3) yearly taxed income forms showing a combined amount of $34,673.00 income generated by Codebtor Cardwood during year 2008. (Dkt. 57, Exhibit 3)

respectfully reiterates and supplements his opposition to Debtors' request for a hardship discharge in this case.

## II. DISCUSSION

### A) DEBTOR'S REQUEST FOR A HARDSHIP DISCHARGE DOES NOT ALLEGE *PRIMA FACIE* CIRCUMSTANCES ENTITLING THEM TO SUCH RELIEF.

6. Section 1328(b) requires a debtor to demonstrate that the three requirements described in such section are satisfied before the courts may consider granting a hardship discharge, that is, **all three requirements** of § 1328(b)(1)-(3) must be satisfied. On relevant part, Section 1328 provides:

> b) Subject to subsection (d), at any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if—
>
> **(1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;**
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title [11 USCS §§ 701 et seq.] on such date; and
>
> **(3) modification of the plan under section 1329 of this title [11 USCS § 1329] is not practicable.**

See 11 U.S.C. §1328 (added emphasis).

7. The ultimate evidentiary burden to establish entitlement to a hardship discharge under Bankruptcy Code § 1328(b)(1) rests upon the debtors. See In re Roberts, 279 F.3d 91, 94 (1st Cir. 2002); In re Rivera-Torres, 2007 U.S. Dist. LEXIS 12864 (D.P.R. Feb. 22, 2007). Generally, "[e]very Chapter 13 debtor experiences difficulties during the years of payments under the plan. If the "no justly …accountable" standard means anything, **the bankruptcy**

3

**courts must reserve hardship discharge for circumstances exceeding the normal or ordinary range of mishaps that befall Chapter 13 debtors.**" See In re Bandilli, 231 B.R. 836, 839 (B.A.P. 1st Cir. 1999), citing Keith M. Lundin, Chapter 13 Bankruptcy, 3d Ed. (2000 & Supp. 2004) § 353.1, p. 353-1 (added emphasis).

8. Admittedly, there is no controversy that the second requirement is met in this case, since the hypothetical chapter 7 liquidation analysis pursuant to 11 U.S.C. § 1325(a)(4), as of the filing of the petition, showed a zero dividend to allowed unsecured creditors. However, pursuant to Debtor's argument and proffered evidence, the **first** and **third** requirements are not met in this case.

### A) The Requirement that the default be Due to Circumstances for which the Debtors Should not Justly be held Accountable.

9. Debtors' proffered reason to attempt to comply with this requirement is that Debtor did not have control over loss of his original job and the fact that the replacement jobs had lower pay. However, such requirement does not depend only upon whether the reduction of income was under the control of debtor, but whether such 25% reduction from Debtors' combined incomes was sufficient for Debtors' considerable plan defaults, including various months of **making no payment at all.** The answer is No.

10. For its illustrative and persuasive value, this Honorable Court should consider the case of In re Cummins 266 B.R. 852. (Bankr.N.D.Iowa 2001). In Cummings, the Bankruptcy Court for the Northern District of Iowa held that even economic hardship short of catastrophe, resulting from husband's loss of work due to two injuries was insufficient for hardship discharge under *11 USCS § 1328*; since Debtors **simply stopped making payments** and could no longer feasibly catch up with the plan, the case would be **dismissed** for material default under 11 USCS § 1307(c)(6). Under such circumstances, the Court attributed to Debtors themselves their failure to make plan payments, even though they indeed

4

experienced financial difficulties because of two temporarily incapacitating injuries. See In re Cummins, *266* B.R. 852, 857 (Bankr.N.D.Iowa 2001) ("In summary, though the parties' economic situation is unfavorable, a hardship discharge under Chapter 13 is reserved for extraordinary circumstances which are described as catastrophic. This Court cannot conclude that the circumstances which bring Mr. and Mrs. Cummins to Court seeking a hardship discharge rise to that level. The Court finds that Debtors have failed to satisfy their burden of establishing the first prong of *§ 1328(b)*.")

11. In the instant case, accepting Debtors' proffered reason and evidence at face value, the first requirement cannot be met because Debtors have not established that they could not make their Chapter 13 plan payments, based solely on a **less than 25% reduction in their combined monthly salaries**, i.e., from a combined $7,000, to a combined $4,889 monthly income. Under such limited circumstance of income reduction, Debtors' failure to make **any** monthly Plan payments is attributable to Debtors, regardless that the income reduction may have been a contributing factor.

12. It should be noted that, even if Debtors had experienced a temporary but complete loss of employment income (which is not the case here), such circumstance would not automatically entitle them to the remedy under § 1328(b). It has been resolved that **the complete loss of employment alone is insufficient**, especially where the debtors are healthy and have the ability to find new employment. See In re Easley, 240 B.R. 563, 565 (Bankr.W.D.Mo. 1999). In In re Bandilli, 231 B.R. 836 (B.A.P. 1st Cir. 1999), the Bankruptcy Appellate Panel for the First Circuit held that to determine whether a debtor is justly accountable for his or her failure to make payments under his or her Chapter 13 plan is necessary, that the pertinent facts be evaluated with emphasis properly focused on the nature and quality of the intervening event or events upon

which the debtor relies. Among the considerations that courts must take for purpose of the first § 1328(b) requirement, is the following:

> …
> f. **whether the intervening event or events constituted a sufficient and proximate cause** for the failure to make the required payments.

See Bandilli, 231 B.R. at 841.

13. In the instant case, Debtors' failure to make their plan payments cannot be just simply attributed to their income reduction, given that it was a foreseeable economic difficulty during the plan life that cannot just simply remove Debtors' accountability for complying with their scheduled payments. Such circumstance of income reduction does not exceed "the normal or ordinary range of mishaps that befall Chapter 13 debtors", as the First Circuit Bankruptcy Appellate Panel required in Bandilli, at page 839, nor are they "extraordinary circumstances," as required by the Cummings Court. As such, granting a hardship discharge under such limited financial difficulty would completely do away with the accountability required from Debtors while in bankruptcy, even in the face of ordinary mishap.

### B) The Requirement that modification of the plan under section 1329 not be practicable.

14. A Debtor must prove that loan modification for continued plan payments during the commitment period is not possible and his or her failure to satisfy this single element is sufficient to support the denial of the hardship discharge. See Bandilli, 231 B.R. at 839.

15. In this case, where Debtors were continuously defaulting on their plan obligations even before the alleged hardship, Debtors have not proffered any evidence that they cannot modify their plan to make payments in accordance with their reduced income. Fully accepting their sole argument that they suffered a less than 25% income reduction, they could definitely make payments of at least 75% of what their current plan entails. Absent evidence of any other change in circumstances, Debtors have not

6

complied with their burden of proving that no plan modification is possible. Given their complete lack of evidence as to this element, granting the hardship discharge in this case would be too great of a windfall for Debtors that still have financial ability to repay their creditors, as the Code requires.

16. In light of Debtors' failure to proffer evidence as to this third requirement, this Honorable Court should conclude that a modified plan is practicable, and that for such reason, Debtors' request for a hardship discharge does not comply with § 1328(b)(3).

### III. CONCLUSION

17. Accepting as undisputed the totality of Debtors' proffered evidence and grounds in their request under Section 1328(b), Debtors have failed **to even allege elements** that would comply with the requirements of such section. As such, their request for a hardship discharge should be summarily denied. In the alternative that the Court viewed Debtors' proffered grounds and evidence as sufficient, which we deny, the Trustee respectfully requests the scheduling of an evidentiary hearing, in order to assess Debtors' proffered evidence.

**WHEREFORE** the Trustee respectfully requests this Honorable Court to deny Debtors' request for a hardship discharge for failure to comply with § 1328(b)(1) and (3) requirements. In the alternative, the Trustee requests that an evidentiary hearing be scheduled to adjudicate Debtors' proffered evidence and grounds.

**CERTIFICATE OF SERVICE:** The Chapter 13 Trustee herewith certifies that a copy of this motion has been served on the same date it is filed to: the DEBTOR(s) by first class mail to the address of record and to her/his/their attorney (**WINSTON VIDAL**, **ESQ**) by first class mail, if not a ECFS register user, to the address of record.

In San Juan, Puerto Rico, this 8th of January, 2010.

                                                 **s/ Carlos C. Alsina Batista – Staff Attorney**
                                                 USDC-PR No. 222801
                                                 JOSE R. CARRION, CHAPTER 13 TRUSTEE
                                                 P.O. Box 9023884, Old San Juan Station
                                                 San Juan, PR 00902-3884
                                                 Tel. (787) 977-3535 Fax (787) 977-3550